### VIKING REFRIGERATORS, Inc., v. WINBARG.

### No. 6103.

Court of Appeal of Louisiana. Second Circuit.

June 10, 1940.

Rehearing Denied July 5, 1940.

Writ of Certiorari and Review Denied Oct. 9, 1940.

James A. Horton, of Natchitoches, for appellant.

J. D. Rusca, of Natchitoches, for appellee.

TALIAFERRO, Judge.

Plaintiff sued upon a note for $410, less credits, given by defendant to represent the balance due on the purchase price of one 12-foot 3400 R. B. Tempter Freezer counter and coils, and to enforce the mortgage and vendor's lien given to secure payment of the note, interest and attorney's fees.

Defendant resists the suit on the ground that the counter and coils when purchased possessed redhibitory vices and/or defects in construction so serious in character that had their existence been known the purchase would not have been made.

Defendant conducts a mercantile business in the City of Natchitoches, Louisiana. In May, 1934, he owned and was using a refrigerator counter in connection with his business but desired a new and a better one. Plaintiff's agent interested him in the counter involved herein. Defendant was assured this counter was highly efficient in point of refrigeration, economic in operation, and that it would meet his needs; that is—the preservation of perishable products such as fresh meats, oysters, cheese, fish, etc., for periods as long as any other counter of the kind would do. Defendant's contention is that the counter failed to so function. He specifically alleges that moisture would accumulate on the interior side of the glass panels and would drip therefrom on the products therein and spoil them. He avers that this defective condition developed soon after the counter was installed and that plaintiff was promptly notified; that plaintiff twice made efforts to remedy the defect but without success; that he thereafter repeatedly called upon plaintiff to either remedy the vice in the counter or restore to him what he had paid on the price thereof, at the same time offering to return the counter and coils he had purchased, but that this request was not acceded to. Thereupon he discontinued making payments.

In reconvention, defendant sues for dissolution of the contract of sale, for judgment for $297.39, the amount paid on the purchase price, and for return to him of his old counter, coils and accessories delivered to plaintiff on said price at a value of $450, and in default of so doing, that he have further judgment for said $450. In the alternative, he prays that the price of the counter be reduced to its actual cash value, which he alleges to have been only $200, and for judgment for the difference between this value and the amount he has paid on account of the price including the value of the old counter, coils and accessories, or the sum of $547.29, with five per cent interest from judicial demand.

Plaintiff's suit was dismissed at its cost and the reconventional demand was rejected. Plaintiff appealed. Defendant, answering the appeal, prays that the judgment, in so far as it rejects his reconventional demand, be reversed and that he have judgment on this demand for $547.29.

The record leaves no doubt that the counter and coils proved to be deficient in the respect complained of by defendant. Plaintiff makes no serious effort to disprove defendant's allegations on this score.

The primary purpose for which the counter and coils were purchased was to keep from spoiling perishable goods de-

posited therein by the use of dry, chilled air. Instead, moisture would regularly accumulate in the counter and drops of liquid would fall upon the contents, quantities of which at different times became tainted and had to be thrown out.

Plaintiff's agent who closed the sale with defendant inspected the counter and coils many times upon defendant's complaint, and frankly testified that while all concerned were in entire good faith, this type of counter and coils was, when sold to defendant, in its experimental stage and had proven wholly unsatisfactory. They were no longer offered for sale. He admits that defendant's complaints were well founded.

■ It goes without saying that unless a counter of the sort involved herein functions efficiently at all times, its use will prove to be exceedingly expensive and vexatious. It is indispensable for the owner's interest and for his patrons' protection that perishable products be kept in a state of normal preservation for reasonable periods of time. This is best done by refrigeration. If this is not done, the chances for sale of impure and deleterious food products are enhanced. This would expose the seller to damages for injurious results from their consumption by his patrons. Therefore, in offering such a counter for sale, the seller knows or is conclusively presumed to know, the purposes for which a purchase is made and warrants that the counter will function in the manner and to the degree of efficiency expected of it.

■ Plaintiff contends that since defendant made several payments on the note after the defects in the counter manifested themselves, he is barred from asking a resolution of the sale or a diminution in the price and cites Scott v. Boylston, La.App., 177 So. 812, to support this position. The facts of the cases are quite dissimilar.

In the cited case it was proven that the lack of efficient operation of the light plant involved was not attributable to vice therein, but to the use by its owner of coal oil as fuel, the injurious effect of which was made known to him before so using. We here have no such situation. It is true, in this case, that defendant made payments on the note after the imperfect functioning of the counter manifested itself, but such payments were made immediately after plaintiff's efforts to remedy the disclosed defects. In each instance, defendant was again assured by plaintiff's agent, the person attempting the repairs, that the counter would operate satisfactorily thereafter. Relying upon these assurances, he resumed the making of payments.

■ In the circumstances in which defendant found himself, it was but natural that he continue to use the counter and coils as he did. He had delivered to plaintiff his old one on the price of the sale. He indulged the hope all along that the new one would ultimately render adequate service. No other means were open to him to try to preserve his perishable products from spoiling but the use of the new outfit. During such use, he repeatedly offered to restore the status quo ante.

All things considered, we are quite certain it would be inequitable, if not unjust, to deny to defendant the measure of relief he has prayed for in answer to the appeal.

This case falls squarely within the rule announced and applied in United Furniture Stores, Inc. v. Dees, La.App., 193 So. 490, and cases cited therein. Art. 2541 of the Civil Code embodies the law applicable to this case since defendant by answer to the appeal has limited the relief sought to a reduction of the price. This article reads as follows: "Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price."

The testimony adduced by defendant discloses the value of the counter and coils to be not over $200. Plaintiff offered no evidence to rebut this. We shall accept this valuation as a basis for adjudication.

Defendant paid in cash on account of the price of the counter and coils $297.29. The trade-in value of his old counter, etc., was fixed at $450. These two items make a total of $747.29 paid, from which should be deducted the proven value of the new counter and coils or $200, which leaves a balance due defendant of $547.29.

For the reasons herein assigned, the judgment appealed from, in so far as it rejects defendant's reconventional demand, is reversed, annulled and set aside and there is now judgment on said demand in favor of defendant, E. B. Winbarg, and against plaintiff, Viking Refrigerators, Inc., for the sum of $547.29, with legal interest thereon from judicial demand, and for all costs of suit. In all other respects the judgment appealed from is affirmed.